[Cite as *State v. Easley*, 2012-Ohio-455.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

RONALD L. EASLEY JR.

    Appellant

C.A. No.     25517

APPEAL FROM JUDGMENT
ENTERED IN THE
BARBERTON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE Nos.    10 CRB ST 776A
                10 CRB ST 776B

DECISION AND JOURNAL ENTRY

Dated: February 8, 2012

DICKINSON, Judge.

INTRODUCTION

{¶1}    Ronald Easley allegedly refused to give his name, address, and date of birth to a police officer who was investigating whether the car Mr. Easley had been driving was stolen. The officer charged Mr. Easley with failing to disclose his personal information and obstructing official business. Although Mr. Easley was initially represented by a public defender, the public defender moved to withdraw before trial, claiming that Mr. Easley was not eligible for his services. Mr. Easley went to trial without counsel, a jury found him guilty of the offenses, and the municipal court sentenced him to 90 days in jail. Mr. Easley has appealed, arguing that the municipal court incorrectly deprived him of his right to counsel. We affirm because Mr. Easley did not have to waive his right to counsel in writing and, without a copy of the transcript of the proceedings, we cannot determine whether the municipal court violated Mr. Easley's rights.

RIGHT TO COUNSEL

**{¶2}** Mr. Easley's assignment of error is that the municipal court deprived him of his right to counsel in violation of Rule 44 of the Ohio Rules of Criminal Procedure and the Sixth Amendment of the United States Constitution. He has argued that the state public defender failed to determine whether he was indigent, as required by Section 120.05 of the Ohio Revised Code, and that the municipal court failed to determine, in the manner required by Criminal Rule 44(D), whether he was able to retain counsel.

**{¶3}** The State has argued that Mr. Easley's assignment of error is without merit because he knowingly, intelligently, and voluntarily waived his right to counsel at trial. In his reply brief, Mr. Easley disputes its assertion. Upon review of the record, we conclude that we are unable to determine whether the municipal court deprived Mr. Easley of his right to counsel because the record does not contain a transcript of the proceedings. As we explained to Mr. Easley in a prior case, it was his "duty on appeal to provide this Court with [the parts] of the record necessary to support [his] assignments of error." *Barberton Police Dep't v. Easley*, 9th Dist. No. 24624, 2009-Ohio-6796, at ¶ 8; App. R. 9(B). "When [parts] of the transcript necessary for resolution of assigned errors are omitted from the record, [we have] nothing to pass upon and thus, as to those assigned errors, . . . no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Labs.*, 61 Ohio St. 2d 197, 199 (1980).

**{¶4}** The only way in which Mr. Easley could demonstrate that he did not waive his right to counsel without a transcript of the proceedings is if his waiver had to be in writing. Rule 44(C) of the Ohio Rules of Criminal Procedure provides that, "in serious offense cases [a] waiver [of the right to counsel] shall be in writing." A "[s]erious offense" is "any felony, and any

misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim. R. 2(C).

{¶5} Obstruction of official business is a misdemeanor of the second degree with a maximum jail term of 90 days. R.C. 2921.31(B); R.C. 2929.24(A)(2). Failure to disclose personal information is a misdemeanor of the fourth degree with a maximum jail term of 30 days. R.C. 2921.29(B); R.C. 2929.24(A)(4). Mr. Easley's convictions, therefore, were not serious offenses. Accordingly, his waiver of his right to counsel did not have to be in writing. Crim. R. 44(C).

{¶6} Because Mr. Easley did not provide this Court with a transcript of the proceedings, we are unable to determine whether he was tried in violation of his right to counsel. Mr. Easley's assignment of error is overruled.

## CONCLUSION

{¶7} Mr. Easley did not provide this Court with a transcript of the trial proceedings, so we must presume that they were proper. The judgments of the Barberton Municipal Court are affirmed.

Judgments affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

CLAIR E. DICKINSON
FOR THE COURT

BELFANCE, P. J.
MOORE, J.
CONCUR

APPEARANCES:

RONALD EASLEY, JR., pro se, Appellant.

MICHELLE BANBURY, Assistant Prosecuting Attorney, for Appellee.